# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOYLAWUO GALTOGBAH,<br>   Plaintiff<br><br>  v.<br><br>JOHN/JANE DOE, et al.,<br>   Defendants. | C.A. No. 14-126 Erie<br><br>Magistrate Judge Baxter |

## OPINION AND ORDER

United States Magistrate Judge Susan Paradise Baxter

### I. INTRODUCTION

On April 25, 2014, the Clerk of Courts received from Plaintiff a motion for leave to proceed *in forma pauperis*, along with an attached *pro se* civil rights complaint; however, the motion was not accompanied by Plaintiff's institutional account statement, as required by 28 U.S.C. §1915(a)(2). Thus, by Order of this Court dated April 29, 2014, Plaintiff was ordered to submit a certified copy of his institutional account statement showing the status of his account for the previous six months, or suffer dismissal of this case for failure to prosecute. To date, Plaintiff has failed to comply with this Order.

### II. DISCUSSION

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by *the* failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the

meritoriousness of the claim or defense.  Id. at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court finds that dismissal of this matter is warranted.  Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case.  Further, Plaintiff has failed to comply with an order of this Court.  Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TOYLAWUO GALTOGBAH, | ) | |
|---|---|---|
| Plaintiff | ) | C.A. No. 14-126 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| JANE/JOHN DOE, et al., | ) | |
| Defendants. | ) | |

## **ORDER**

AND NOW, this 26th day of June, 2014,

IT IS HEREBY ORDERED that this *pro se* civil rights action is dismissed due to Plaintiff's failure to prosecute.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge