IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOYLAWUO GALTOGBAH, | ) | |
|     Plaintiff | ) | C.A. No. 14-126 Erie |
| | ) | |
| v | ) | |
| | ) | Magistrate Judge Baxter |
| JOHN/JAN DOE, et al., | ) | |
|     Defendants | ) | |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I.    INTRODUCTION

### A.    Relevant Procedural and Factual History

On April 25, 2014, Plaintiff Toylawuo Galtogbah, an inmate formerly incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean")[2], initiated this civil rights action by filing a *pro se* complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Named as Defendants are the following staff members at FCI-McKean: Food Administrator John/Jan Doe; Correctional Officer Rhinehart; Nurse Wright; Lieutenant Bass; and Lieutenant John Doe.

Plaintiff alleges that Defendants were deliberately indifferent to his health and safety in violation of his Eighth Amendment rights by serving him unsanitary food. In particular, Plaintiff

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 3, 16].

[2] Plaintiff is currently incarcerated at the U.S. Penitentiary at Big Sandy in Inez, Kentucky.

1

claims that on May 10, 2010, while he was housed in FCI-McKean's Special Housing Unit ("SHU"), he was served an evening meal of green beans and noodles, which contained a grasshopper that Plaintiff partially ingested. As a result, Plaintiff alleges that he vomited several times throughout the night and into the next morning, and experienced emotional trauma. As relief for his claims, Plaintiff seeks compensatory and punitive damages.

On March 19, 2015, Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 17], arguing that Plaintiff's claims should be dismissed in their entirety because they are barred by the applicable statute of limitations and, alternatively, fail to state a cause of action upon which relief may be granted. Despite having been granted ample time to do so, Plaintiff has failed to file a response in opposition to Defendants' motion. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the

facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to

3

> state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. **Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (19896). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co.,

4

391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id.

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d

Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**C.     Discussion**

**1.     Statute of Limitations**

The federal civil rights laws do not contain a specific statute of limitations for <u>Bivens</u> actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. <u>Sameric Corp. Del., Inc. v. City of Philadelphia</u>, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a <u>Bivens</u> action must be filed no later than two years from the date the cause of action accrued. <u>See</u> <u>Napier v. Thirty or More Unidentified Fed. Agents</u>, 855 F.2d 1080, 1087 n. 3 (3d Cir. 1988); <u>Lomax v. U.S. Senate Armed Forces Serv. Comm.</u>, 454 Fed. Appx. 93, 95 (3d Cir. 2011). Furthermore, "[t]he cause of action for Bivens claims accrues when the plaintiff knows or has reason to know of the injury." <u>Hughes v. Knieblher</u>, 341 Fed. Appx. 749, 752 (3d Cir. 2009), <u>citing</u> <u>Sameric</u>, 142 F.3d at 599.

Here, Plaintiff's original complaint was filed as an attachment to a motion to proceed *in forma pauperis* on April 25, 2014; however, the complaint was apparently signed by Plaintiff on April 12, 2014. (<u>See</u> ECF No. 8, Complaint). Thus, for purposes of applying the statute of limitations, this Court will treat April 12, 2014, as the relevant filing date pursuant to the prison mailbox rule. See <u>Commonwealth v. Castro</u>, 766 A.2d

1283, 1287 (Pa.Super. 2001), citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998) (in determining the date upon which a prisoner's pleading is filed, Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). Accordingly, any claim concerning an injury of which Plaintiff "new or should have known" prior to April 12, 2012, is barred by the statute of limitations.

It is plain from the allegations of Plaintiff's complaint that his claims arise from a single incident that occurred on May 10, 2010, nearly two years beyond the reach of the statute of limitations. Furthermore, it is quite evident from Plaintiff's allegations that he knew of his alleged injury immediately. Thus, Plaintiff's claims are barred by the applicable statute of limitations and will be dismissed, accordingly.[3]

An appropriate Order follows.

---

[3] Since Plaintiff's claims are untimely, there is no need to address any of the other arguments raised in Defendants' motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOYLAWUO GALTOGBAH, | ) | |
| Plaintiff, | ) | C.A. No. 14-126 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| JOHN/JAN DOE, et al., | ) | |
| Defendants. | ) | |

# **ORDER**

AND NOW, this 26th day of February, 2016,

IT IS HEREBY ORDERED that Defendants' motion to dismiss complaint or, in the alternative, motion for summary judgment [ECF No. 17] is GRANTED and Plaintiff's claims are dismissed.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge